UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                    Chapter 7

Crystal Bouvier Wicker,                                   Case No. 10-49759

    Debtor.                                              Hon. Phillip J. Shefferly
_____/

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION FOR
ORDER REQUIRING DEBTOR'S BANKRUPTCY PETITION PREPARER TO
MAKE PAYMENT TO DEBTOR, THE COURT AND UNITED STATES TRUSTEE**

**Background of case**

On March 26, 2010, the Debtor filed this Chapter 7 case pro se. On the same day, the Debtor filed a declaration (docket entry no. 6) stating under penalty of perjury that she did not have any help from a bankruptcy petition preparer in preparing the documents for this bankruptcy case. On May 6, 2010, the Debtor filed an amended declaration (docket entry no. 22) under penalty of perjury stating that the Debtor did have help from a bankruptcy petition preparer in preparing the documents for this bankruptcy case. The Debtor's amended declaration states that "Derek @ Crane & Shore LLC" helped the Debtor by preparing documents for this bankruptcy case and, further, that the Debtor paid $400.00 for such help.

Although the Debtor's amended declaration makes it clear that the Debtor received help from a bankruptcy petition preparer, the Debtor did not file Official Form B19, which is a declaration and signature of non-attorney bankruptcy petition preparer that is required to be signed by both the bankruptcy petition preparer and the Debtor. Upon review of the Debtor's amended declaration, the Court entered an order (docket entry no. 25) on June 2, 2010 requiring the Debtor to appear on June 23, 2010 to show cause why the case should not be dismissed for failure to file Official

Form B19, and requiring Derrick Hills and Crane & Shore, LLC to appear to show cause why the bankruptcy petition preparer should not be required to immediately turn over the $400.00 fee paid by the Debtor to the bankruptcy petition preparer. The Court specifically required Derrick Hills to attend because Derrick Hills was known by the Court from numerous other cases in this Court to be the owner of Crane & Shore, LLC. The Debtor, the United States Trustee ("UST") and Derrick Hills all appeared at the hearing. Both the Debtor and Derrick Hills testified at the hearing. The Debtor testified that she paid $400.00 to Crane & Shore, LLC to prepare documents for her bankruptcy case, but that the "Derek" identified in her amended declaration was not Derrick Hills. Both the Debtor and Derrick Hills testified at that hearing that Derrick Hills did not act as a bankruptcy petition preparer for the Debtor. When questioned about the "Derek" identified in her amended declaration, the Debtor provided a physical description of an individual different than that of Derrick Hills, and unequivocally stated that Derrick Hills, who was in the courtroom and pointed out to the Debtor by the Court, was not the "Derek" that prepared the Debtor's bankruptcy petition.

At the conclusion of the hearing on June 23, 2010, the Court disallowed the $400.00 fee paid by the Debtor to Crane & Shore, LLC pursuant to § 110(h)(3)(A)(i) of the Bankruptcy Code because it exceeds the reasonable value of the services rendered by the bankruptcy petition preparer to the Debtor. The Court further ordered Crane & Shore, LLC to immediately turn over that sum to the Chapter 7 bankruptcy trustee. However, the Court also found that the turnover of the disallowed fee did not apply to Derrick Hills individually, but only to Crane & Shore, LLC. The Court made that finding based upon uncontroverted testimony from both Derrick Hills and the Debtor that Derrick Hills was not the "Derek" identified by the Debtor in her amended declaration as the individual who

helped the Debtor prepare her bankruptcy petition. The Court entered an order on June 24, 2010 (docket entry no. 27) reflecting each of these rulings.

## **The UST's motion**

On February 14, 2011, the UST filed a motion (docket entry no. 33) for an order requiring the Debtor's bankruptcy petition preparer to make payment to the Debtor, the Court and the UST. The UST's motion alleged that the testimony provided by Derrick Hills and the Debtor at the hearing on June 23, 2010 was perjured. Specifically, the UST alleged that the Debtor falsely testified that (i) Derrick Hills was not the "Derek" referred to in her amended declaration; (ii) Derrick Hills did not prepare documents for her bankruptcy filing; and (iii) she did not recognize Derrick Hills in the courtroom. The UST's motion further alleged that Derrick Hills testified falsely that (i) he did not act as a bankruptcy petition preparer for the Debtor; and (ii) he did not know the Debtor. On February 28, 2011, Derrick Hills filed a response (docket entry no. 34) to the UST's motion. The Court scheduled a hearing on the motion for March 31, 2011 at 9:30 a.m.

The UST attended the hearing on March 31, 2011. Derrick Hills did not. The UST informed the Court that subsequent to the June 23, 2010 hearing, the UST had taken the Debtor's deposition on December 2, 2010 in adversary proceeding no. 10-6053. The UST then explained that the testimony provided by the Debtor in her deposition was directly contrary to the testimony provided both by the Debtor and by Derrick Hills at the hearing held on June 23, 2010. In particular, the UST noted that the Debtor admitted in her deposition that she testified falsely at the June 23, 2010 hearing because Derrick Hills had asked her to do so, and that she was intimidated and fearful of telling the truth on June 23, 2010 because of what Derrick Hills had told her. Further, the UST noted that in her deposition on December 2, 2010, the Debtor testified that she was contacted by Derrick Hills

after the hearing on June 23, 2010 and was told by Derrick Hills that she had given a "great performance" by testifying falsely at the June 23, 2010 hearing regarding Derrick Hills. The UST then requested permission to file with the Court a copy of the transcript of the Debtor's testimony of December 2, 2010. The Court granted that permission. On March 31, 2011, the UST filed a supplement (docket entry no. 37) to its motion with a copy of the deposition transcript attached. After reviewing the deposition transcript, the Court entered an order (docket entry no. 39) on April 12, 2011 scheduling an evidentiary hearing regarding the UST's motion for May 4, 2011 at 9:30 a.m.

      The Court held the evidentiary hearing on May 4, 2011. The UST attended. The Debtor and Derrick Hills each testified. The Court received into evidence four exhibits. Exhibit 1 is the Debtor's amended declaration under penalty of perjury for debtor without an attorney (docket entry no. 22), which states that she paid $400.00 to "Derek at Crane & Shore LLC." Exhibit 2 is the Court's June 24, 2010 order (docket entry no. 27) that disallowed the $400.00 fee paid by the Debtor to the bankruptcy petition preparer, and that ordered Crane & Shore, LLC to immediately turn over that sum to the Chapter 7 trustee. Exhibit 3 is the transcript of the December 2, 2010 deposition of the Debtor taken in adversary proceeding no. 10-6053. Exhibit 4 consists of three separate orders each entered by the Honorable Steven W. Rhodes in In re Grissett, bankruptcy case no. 07-41510. The first of those orders is a consent judgment for injunctive relief entered on October 16, 2007. The second is an interim order entered by Judge Rhodes on March 18, 2008. The third is an order granting motion to clarify interim order entered by Judge Rhodes on May 6, 2008. At the conclusion of the evidentiary hearing on May 4, 2011, the Court took the UST's motion under advisement. The Court has now reviewed the testimony of the Debtor and Derrick Hills at the May 4, 2011

evidentiary hearing, the exhibits introduced at that hearing, the testimony by Derrick Hills and the Debtor at the June 23, 2010 hearing and the Debtor's testimony at her December 2, 2010 deposition.

## Discussion

Section 110(a) of the Bankruptcy Code provides:

(a) In this section-

(1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

(2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

Subsections (b) through (h) of § 110 set forth various requirements regarding the conduct of bankruptcy petition preparers. Section 110(h)(3) requires the court to disallow and order the immediate turnover of any fee paid to a bankruptcy petition preparer that is found to be in excess of the value of the services provided by the bankruptcy petition preparer. Section 110(i)(1) requires the Court to order a bankruptcy petition preparer to also pay various sums to the debtor "[i]f a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive . . . ." In addition to the remedies provided in § 110(h)(3) and § 110(i)(1), § 110(i) through (l) contain additional remedies for conduct found to be in violation of § 110 and for other fraudulent, unfair or deceptive conduct by a bankruptcy petition preparer.

The UST argues that Derrick Hills acted as a bankruptcy petition preparer for the Debtor in this case in violation of § 110 of the Bankruptcy Code, and that he engaged in fraudulent, unfair and deceptive activity. Specifically, the UST asserts that Derrick Hills (i) acted as a bankruptcy petition preparer for the Debtor in violation of the injunction entered by Judge Rhodes; (ii) did not tell the

Debtor that he was enjoined from acting as a bankruptcy petition preparer at the time that he prepared the Debtor's petition; (iii) failed to sign his name to the Debtor's bankruptcy petition and other documents that Derrick Hills prepared for the Debtor; (iv) provided legal advice to the Debtor; and (v) advised and intimidated the Debtor to testify falsely on June 23, 2010 regarding the bankruptcy petition preparer services rendered by Derrick Hills to her. Derrick Hills asserts that (i) he did not act as a bankruptcy petition preparer for the Debtor; (ii) the Debtor had previously testified truthfully that Derrick Hills did not act as a bankruptcy petition preparer for her; and (iii) he did not advise or intimidate the Debtor to testify falsely on June 23, 2010 regarding whether he rendered services as a bankruptcy petition preparer for the Debtor.

Although the Debtor testified at the June 23, 2010 hearing that Derrick Hills did not act as a bankruptcy petition preparer for her, the Debtor completely recanted that testimony both in her December 2, 2010 deposition and at the hearing on May 4, 2011. The Debtor explained to the Court on May 4, 2011 why she testified falsely on June 23, 2010, and why she recanted that testimony both in her December 2, 2010 deposition and at the hearing on May 4, 2011. The Debtor testified that it was Derrick Hills who prepared and gave to the Debtor the bankruptcy petition and accompanying papers to sign for her bankruptcy case filing. The Debtor testified that there was no other "Derek," but that it was Derrick Hills whom she recognized in court as the individual who provided her the bankruptcy petition and accompanying papers to sign. The Debtor further testified that she paid $400.00 cash to Derrick Hills for the bankruptcy petition and accompanying papers. The Debtor testified that Derrick Hills did not tell her that he had been permanently enjoined from acting as a bankruptcy petition preparer by Judge Rhodes. The Debtor acknowledged that she testified falsely on June 23, 2010 when she told the Court that it was not Derrick Hills who prepared her bankruptcy

petition and that she did not pay the $400.00 to Derrick Hills. The Debtor explained that the reason she testified falsely on June 23, 2010 was because she had been told to do so by Derrick Hills and by her husband who had previously filed bankruptcy with the assistance of Derrick Hills. The Debtor testified that she was consumed by fear based on what Derrick Hills and her husband had told her and, therefore, she lied to the Court on June 23, 2010.

For his part, Derrick Hills testified only that he could not recall whether he had met Crystal Wicker before the hearing on June 23, 2010.

After having the opportunity to observe the Debtor testify both on June 23, 2010 and on May 4, 2011, and having had the opportunity to observe the Debtor's demeanor during her testimony on each of those occasions, the Court is persuaded that the Debtor's testimony on May 4, 2011 is truthful and that her testimony on June 23, 2010 was not. The Court finds credible the Debtor's testimony that Derrick Hills acted as a bankruptcy petition preparer for her, that she paid him $400.00, and that he did not tell her that he had been permanently enjoined from acting as a bankruptcy petition preparer. The Court further finds credible the Debtor's explanation for her false testimony on June 23, 2010: that Derrick Hills and the Debtor's husband had told the Debtor to testify falsely regarding Derrick Hills' activities as a bankruptcy petition preparer. It is both logical and believable that Derrick Hills wanted to conceal his activities as a bankruptcy petition preparer from this Court because of the injunction entered by Judge Rhodes against him. At the June 23, 2010 hearing, the Court was skeptical regarding the Debtor's testimony that Derrick Hills did not act as a bankruptcy petition preparer for her, and that it was some other "Derek" at Crane & Shore LLC, which is admittedly a company owned by Derrick Hills, that acted as her bankruptcy petition preparer. However, the Court made its ruling on June 23, 2010 because there was no evidence in

the record to controvert either Derrick Hills' testimony or the Debtor's testimony. Now there is substantial evidence. The Court accepts the Debtor's testimony on May 4, 2011 and finds that the testimony by the Debtor on June 23, 2010 was false, but that it was false because of the actions taken by Derrick Hills and the Debtor's husband which intimidated the Debtor into testifying in the manner in which she did. The Court does not condone under any circumstances the Debtor's false testimony on June 23, 2010. But the Court understands how it happened in this case, and the Court believes the testimony of the Debtor at the May 4, 2011 hearing. There is no credible evidence in the record to the contrary. The Court does not find Derrick Hills' testimony credible.

The Court finds that Derrick Hills has both acted in violation of § 110 of the Bankruptcy Code, and has committed fraudulent, unfair and deceptive conduct in acting as a bankruptcy petition preparer in this case by not disclosing the injunction against him, and then instructing the Debtor to testify falsely. Section 110(i)(1) of the Bankruptcy Code requires the Court to order Derrick Hills to pay to the Debtor her actual damages, plus the greater of $2,000.00, or twice the amount paid by the Debtor to Derrick Hills, plus reasonable attorneys' fees and costs in moving for damages under § 110(i)(1) of the Bankruptcy Code. There is no evidence of actual damages in this case, nor any evidence of attorneys' fees incurred by the UST in moving for relief under § 110(i) of the Bankruptcy Code. Therefore, the only amount that § 110(i)(1) of the Bankruptcy Code requires the Court to order Derrick Hills to pay to the Debtor is the sum of $2,000.00.

Section 110(l)(1) of the Bankruptcy Code states that a bankruptcy petition preparer who fails to comply with § 110(b) through (h) may be fined not more than $500.00 for each such failure. The UST asserts that Derrick Hills failed to comply with § 110(b) of the Bankruptcy Code by failing to sign his name to the documents he prepared; failed to comply with § 110(c) of the Bankruptcy Code

by failing to provide his social security number or other identifying number on the documents he prepared; and failed to comply with § 110(e)(2)(A) of the Bankruptcy Code by providing legal advice to the Debtor. The UST requests that the Court impose a $500.00 fine under § 110(l)(1) of the Bankruptcy Code for each of those violations.

The Court holds that the evidence in the record supports a finding that Derrick Hills committed each of the three violations. The evidence establishes that Derrick Hills failed to sign his name to the documents he prepared as required by § 110(b) of the Bankruptcy Code and failed to provide his social security number or other identifying number on the documents he prepared as required by § 110(c) of the Bankruptcy Code. The evidence also establishes find that Derrick Hills advised the Debtor to testify falsely. In the Court's view, telling a witness how to testify constitutes legal advice to the Debtor in violation of § 110(e)(2)(A). Therefore, the Court fines Derrick Hills $500.00 for each of the two cited violations, for a total of $1,500.00.

The UST also argues that because Derrick Hills prepared documents for filing in this case in a manner that failed to disclose the identity of the bankruptcy petition preparer, the Court is required by § 110(l)(2)(D) of the Bankruptcy Code to triple the amount of any fine assessed under § 110(l)(1) of the Bankruptcy Code. The Court agrees. As a result, the $1,500.00 fine imposed by the Court under § 110(l)(1) of the Bankruptcy Code is tripled, for a total of $4,500.00, under § 110(l)(2) of the Bankruptcy Code.

Finally, the UST asserts that by advising the Debtor to make false statements to this Court regarding the services rendered by Derrick Hills, Derrick Hills has also violated § 526(a) of the Bankruptcy Code. Section 526(a) of the Bankruptcy Code contains certain prohibitions on conduct by a debt relief agency. Section 101(12A) of the Bankruptcy Code defines a debt relief agency as

including a bankruptcy petition preparer. Section 526(a)(2) of the Bankruptcy Code prohibits a debt relief agency from making any statements or advising any assisted person to make a statement in a document filed in a case that is untrue or misleading. The Debtor is an "assisted person" under § 101(3) of the Bankruptcy Code because she is a person whose debts consist primarily of consumer debts and the value of her nonexempt property is less than $175,750.00. The UST further asserts that Derrick Hills both intentionally violated § 526(a)(2) of the Bankruptcy Code and has engaged in a clear and consistent pattern of violating § 526(a)(2). Therefore, the UST requests that the Court impose a civil penalty under § 526(c)(5)(B) of the Bankruptcy Code. That section of the Bankruptcy Code permits the Court, in addition to any other remedy, to enjoin the violation of § 526 of the Bankruptcy Code, or to impose an appropriate civil penalty against a person who has either intentionally violated § 526 of the Bankruptcy Code, or has engaged in a clear and consistent pattern or practice of violating § 526 of the Bankruptcy Code.

The Court has already found that Derrick Hills did advise the Debtor to make a false statement in the declaration (docket entry no. 6) that stated that she did not have help from a bankruptcy petition preparer in this case and that Derrick Hills advised the Debtor to testify falsely on June 23, 2010. Finally, the Court also finds that Derrick Hills testified falsely on June 23, 2010. All of this conduct by Derrick Hills is in direct violation of § 526(a)(2) of the Bankruptcy Code. However, the Court may only impose a civil penalty under § 526(a)(5)(B) if the Court finds that Derrick Hills intentionally violated § 526(a)(2) or that he has engaged in a clear pattern of violations of § 526.

Although the UST introduced evidence that Derrick Hills has been found to violate § 110 of the Bankruptcy Code (see In re Grissett, bankruptcy case no. 07-41510), the civil penalty

requested by the UST under § 526(c)(5)(B) only applies to violations of § 526, not § 110. The UST did not adduce evidence to show that Derrick Hills has engaged in a clear and consistent pattern of violating § 526. However, after reviewing all of the evidence in the record, the UST did prove, and the Court hereby finds, that Derrick Hills' violations of § 526(a)(2) were intentional. Therefore, the Court agrees that an appropriate civil penalty should be imposed under § 526(c)(5)(B) for this intentional violation. The UST has requested that the Court impose a fine of at least $10,000.00, and award the UST costs of at least $5,000.00. The Court finds that an appropriate civil penalty in the circumstances of this case is $5,000.00 and therefore imposes that fine pursuant to § 526(c)(5)(B) of the Bankruptcy Code. That sum is to be paid by Derrick Hills to the Court. The Court does not find that § 526(c)(5) of the Bankruptcy Code authorizes the award of costs that the UST seeks in an amount of at least $5,000.00. Therefore, the Court will not impose those costs.

In sum, the Court does not find Derrick Hills' testimony at the May 4, 2011 hearing to be credible, and disregards it. The Court does find the testimony of the Debtor at that hearing to be credible, and accepts that testimony. That testimony demonstrates the violations of §§ 110 and 526 of the Bankruptcy Code identified in this order, and provides the necessary factual support to grant the UST's motion. Accordingly,

**IT IS HEREBY ORDERED** that the UST's motion is granted.

**IT IS FURTHER ORDERED** that, pursuant to § 110(i)(1)(B) of the Bankruptcy Code, Derrick Hills shall pay the Debtor **$2,000.00** within 30 days from the date of this order.

**IT IS FURTHER ORDERED** that, pursuant to § 110(l)(1) and (2) of the Bankruptcy Code, Derrick Hills is fined **$4,500.00** to be paid to the UST within 30 days from the date of this order.

**IT IS FURTHER ORDERED** that, pursuant to § 526(c)(5)(B) of the Bankruptcy Code, an additional civil penalty of **$5,000.00** is imposed against Derrick Hills to be paid to the Clerk of Court within 30 days from the date of this order.

**IT IS FURTHER ORDERED** that the UST's request for costs is denied.

**IT IS FURTHER ORDERED** that Derrick Hills shall certify his payments in compliance with this order by filing an affidavit accompanied by a copy of the cashier's check or money order for the payment, with a copy to the UST, within 30 days from the date of this order.

**IT IS FURTHER ORDERED** that dismissal or closure of this case will not excuse compliance with the terms of this order, and that this order can be enforced by the Debtor or the UST in any court of competent jurisdiction.

.

**Signed on May 11, 2011**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**